IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANING BUNAC,

        Plaintiff,

        v.

TOWN & COUNTRY IMPORTS II, INC.,

        Defendant.

No. 3:12-CV-01684-HZ

OPINION & ORDER

Aaron W. Baker
ATTORNEY AT LAW
650 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

    Attorney for Plaintiff

Wendy M. Kent
LAW OFFICE OF WENDY M. KENT
1001 SW Fifth Avenue, Suite 1405
Portland, OR 97204

    Attorney Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Daning Bunac brings eight claims for relief: discrimination under Oregon Revised Statutes § ("ORS") 659A.030 and 42 U.S.C. § 1981, hostile work environment under ORS 659A.030 and § 1981, retaliation under ORS 659A.030 and § 1981, discrimination under ORS 659A.199, and negligence. Now before me is Defendant's motion to stay and enforce arbitration (dkt. #12). Defendant's motion seeks an order staying this action and compelling the parties to arbitrate Plaintiff's claims. For the reasons that follow, Defendant's motion is GRANTED.

## BACKGROUND

Defendant hired Plaintiff on March 14, 2011. That same day, March 14, 2011, Plaintiff signed an Arbitration Agreement. Def.'s Mem. in Supp., Ex. A, p. 1. Under the terms of the Arbitration Agreement, Plaintiff agreed to arbitrate "any claim, dispute, or controversy . . . arising from, related to, or having any relationship or connection whatsoever with [Plaintiff's] seeking employment with, employment by, or other association with the Company", including those related to "discrimination and harassment". Id. Pursuant to the Arbitration Agreement, Plaintiff also agreed that his claims were to be "determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Oregon Arbitration Act" and acknowledged that he understood he was voluntarily agreeing to binding arbitration. Id.

## STANDARD

Federal Arbitration Act ("the FAA") mandates that agreements to resolve disputes in "a transaction involving commerce" by arbitration are generally "valid, irrevocable, and enforceable." 9 U.S.C. § 2. Under the FAA, parties "aggrieved by the alleged . . . refusal of another to arbitrate" may petition any federal district court for an order compelling arbitration in

the manner provided in the agreement.  9 U.S.C. § 4.  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts <u>shall</u> direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." <u>Dean Witter Reynolds Inc. v. Byrd</u>, 470 U.S. 213, 218 (1985) (emphasis in original).  "The court's role under the Act is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." <u>Chiron Corp. v. Ortho Diagnostic Sys.</u>, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations omitted).  "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." <u>Chiron Corp.</u>, 207 F.3d at 1130.  The FAA "embodies a clear federal policy in favor of arbitration". <u>In re Van Dusen</u>, 654 F.3d 838, 845 (9th Cir. 2011) (citation omitted).

## DISCUSSION

Defendant argues that pursuant to the Arbitration Agreement, this action must be stayed pending arbitration as required under the FAA.  Plaintiff does not dispute that he signed the Arbitration Agreement or that the agreement encompasses the disputes raised in his Complaint.  Rather, Plaintiff contends there was no "meeting of the minds" and that the agreement is unconscionable.

**I. Meeting of the Minds**

Plaintiff contends there was no meeting of the minds because he was forced to sign the agreement as a condition of his employment, he was not provided time to consult with an attorney, the agreement did not identify "the Company" as Defendant, and Defendant did not sign the agreement.  In support of his position, Plaintiff offers a declaration stating he "was told [he] must sign [the] stack of documents to start working", was not given an opportunity to

3 - OPINION & ORDER

discuss the Mutual Agreement to Arbitrate Claims with [his] own attorney", and "was not given an opportunity to 'review the ASP's rules and/or the ORUAA' as indicated in the document."[1] Pl.'s Decl., ¶¶ 4-6. I am not persuaded by Plaintiff's argument and conclude that there was a meeting of the minds to arbitrate the claims Plaintiff brings here.

Courts "must apply Oregon contract law to resolve questions concerning formation of [an] [a]greement." Bettemcourt v. Brookdale Senior Living Cmtys., Inc., No. 09-CV-1200-BR, 2010 WL 274331, at *3 (D. Or. 2010). Under Oregon law, "the formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." Ken Hood Constr. Co. v. Pac. Coast Constr., Inc., 120 P.3d 6, 11 (Or. App. 2005) (quotation omitted). "Mutual assent, or what historically was considered as the meeting of the minds requirement, may be expressed in words or inferred from the actions of the parties. Whether a statement or act is a manifestation of assent to a modification is a question of fact for the jury." Bennett v. Farmers Ins. Co. of Or., 26 P.3d 785, 792 (Or. 2001) (citations and internal quotation marks omitted).

Here, there is no question of fact as to whether Plaintiff assented to the Arbitration Agreement, especially where it is undisputed that Plaintiff signed the agreement. Plaintiff cites no case standing for the proposition that signing an arbitration agreement as a condition of employment, not looking over all the terms, or not having an attorney look over the agreement before signing amount to manifestation of a lack of mutual consent. In addition, the fact that the Defendant did not sign the agreement or that the agreement does not specifically state Defendant was "the Company" as referred to in the agreement does not establish that there was no mutual assent between the parties in this instance. See Seres v. Drexel Burnham Lambert Inc., No. CV-08-0628-PA, 1988 WL 156288, at *3 (D. Or. 1988) (compelling the parties to arbitration where

---

[1] Plaintiff does not articulate what the "ASP" or "ORUAA" are or what they state.

4 - OPINION & ORDER

defendant did not sign or date the agreement). Defendant admits that it agreed to arbitrate all matters pursuant to the Arbitration Agreement and concedes that it is bound by the agreement. Nothing in the record shows that Plaintiff misunderstood "the Company" to be an entity other than Defendant when he signed the agreement or that he was confused as to who "the Company" was. Under the circumstances here, I conclude that there was mutual assent between the parties to arbitrate all matters.

**II. Unconscionable**

Plaintiff argues that the Arbitration Agreement is unenforceable because it amounts to a contract of adhesion. Plaintiff contends there was unequal bargaining power between the parties and Defendant him forced to sign the Arbitration Agreement without ample time to review or seek legal advice under threat of not being able to start his job. Plaintiff also challenges the agreement because he could "easily be facing in excess of $7,000 in arbitration costs . . . ." Resp., p. 5. Plaintiff's arguments are unavailing.

An otherwise valid arbitration agreement may be unenforceable if it is found to be unconscionable. "Unconscionability in Oregon . . . has both a procedural and a substantive component." Sprague v. Quality Rests. Nw., Inc., 162 P.3d 331, 333 (Or. App. 2007) (citation omitted). Although "both procedural and substantive unconscionability are relevant, . . . only substantive unconscionability is absolutely necessary." Sprague, 162 P.3d at 334 (citation and quotation marks omitted). The issue of unconscionability is "based on the facts in existence at the time the contract was made." Livingston v. Metro. Pediatrics, LLC, 227 P.3d 796, 806 (Or. App. 2010) (citation omitted). The "party asserting unconscionability . . . bears the burden of demonstrating that the arbitration clause is unconscionable." Sprague, 162 P.3d at 333 (citation omitted).

**A. Procedural Unconscionability**

"Procedural unconscionability generally refers to the conditions of contract formation" and "focuses on two factors: oppression and surprise." Id. (citation and quotation marks omitted). "Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice." Id. at 334 (citation omitted). "A contract of adhesion necessarily reflects unequal bargaining power (oppression)." Reid v. Optumhealth Care Solutions, Inc., 2012 WL 6738542, 3:12-cv-00747-ST, at *5 (D. Or. 2012) (citing Motsinger v. Lithia Rose-FT, Inc., 156 P.3d 156, 160 (Or. App. 2007)); see also Reeves v. Chem. Indus. Co., 101, 495 P.2d 729, 732 (Or. 1972) (defining an adhesion contract as a "take-it-or-leave-it" contract). "Surprise involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the terms." Sprague, 162 P.3d at 334 (citation omitted)." Even if I were to assume the Arbitration Agreement amounted to a contract of adhesion, "under Oregon law, the fact that a contract is adhesive does not alone render it unenforceable." Id. This factor is therefore not determinative.

Turning to the "surprise" element, there is no evidence showing "surprise." Here, the Arbitration Agreement consists of less than one single-spaced page and is not unduly long. In addition, the title is clearly set forth in underlined, bold, capital letters stating, "**ARBITRATION AGREEMENT**." Def.'s Mem., Ex. A, p. 1. The body of the agreement clearly provides that all of the parties' claims are subject to binding arbitration. The agreement states that "any claim, dispute, and/or controversy (including, but not limited to, any claims of discrimination and harassment . . . ) . . . shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Oregon Arbitration

Act." Id.  Towards the latter part of the agreement, a provision states in bold, capital letters, "**I UNDERSTAND THAT BY VOLUNTARILY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH I AND THE COMPANY GIVE UP OUR RIGHTS TO TRIAL BY JURY OF ANY CLAIM I OR THE COMPANY MAY HAVE AGAINST EACH OTHER.**"  Id.  Pursuant to the agreement, Plaintiff even "acknowledge[s] that [he] . . . read the [statement that he was subject to binding arbitration]" and that he understood it.  Id.  The agreement even warns Plaintiff not to sign the agreement unless he has read the statement, stating, "**DO NOT SIGN UNTIL YOU HAVE READ THE ABOVE STATEMENT**".  Id.  The terms of the Arbitration Agreement are conspicuous and lack any element of surprise.  Under the facts here, the Arbitration Agreement is not procedurally unconscionable.

      **B. Substantive Unconscionability**

Plaintiff maintains that the Arbitration Agreement is substantively unconscionable because it does not address the costs of arbitration.  Based on hourly arbitration fees of $100 to $300, which Plaintiff obtains from several arbitration services, and assuming a three-day arbitration hearing, Plaintiff asserts the agreement is substantively unconscionable because he may be subject to pay over $7,200 in arbitration fees.

   "Substantive unconscionability generally refers to the terms of the contract as opposed to the circumstances of formation and focuses on the one-sided nature of the substantive terms." Sprague,162 P.3d at 334 (citation and quotation marks omitted).  When considering whether an agreement is substantively unconscionable, a court considers the "substantial disparity in bargaining power, combined with terms that are unreasonably favorable to the party with the greater power . . . ." Id. (citation omitted).  "Unconscionability may involve deception, compulsion, or lack of genuine consent . . . ." Id.

7 - OPINION & ORDER

The facts here do not establish that the Arbitration Agreement is substantively unconscionable. With regard to the arbitrator, the agreement simply states that "any arbitrator . . . shall be a retired Oregon District Court Judge, or U.S. District Court Judge (or other similarly qualified individual with arbitration experience as mutually agreed to by the parties), and shall be subject to disqualification on the same grounds as would apply to a judge of such court." Def.'s Mem. in Supp., Ex. A, p. 1. Although the agreement is silent as to the allocation of arbitration fees, such silence does not make the arbitration agreement per se unconscionable. See Motsinger, 156 P.3d at 162 (holding the arbitration clause was not substantively unconscionable where, as here, the arbitration agreement simply stated that the arbitrator was to be "a retired Oregon Circuit Court Judge whom the parties shall mutually agree to select" and would be "subject to disqualification on the same grounds as would apply to a judge of such [circuit] court"); see also King v. Town & Country Chrysler, Inc., 2011 WL 1059108, Civ. No. 10-1237-AC, at *4 (D. Or. 2011) (concluding the arbitration agreement was not unconscionable where the arbitration agreement was silent on fee allocation). Plaintiff's estimation of the potential costs of arbitration does not establish that the Arbitration Agreement is substantively unconscionable. Plaintiff provides no basis for his estimated three-day hearing. He also provides no evidence that the Arbitration Agreement requires him to pay all of the arbitration fees. The mere possibility that Plaintiff may have to pay all the arbitration fees is simply too speculative and does not establish that the agreement unconscionably frustrates Plaintiff's ability to arbitrate his claims or otherwise forecloses him from bringing his claims to arbitration. Simply put, Plaintiff fails to demonstrate the Arbitration Agreement is substantively unconscionable. See Motsinger, 156 P.3d at 618 (A court may not "invalidate [an] arbitration clause simply because of the possibility that plaintiff, if she were to lose, would bear some undetermined costs of arbitration.").

In sum, Plaintiff fails to establish there was no meeting of the minds or that the Arbitration Agreement is unconscionable.[2]

## CONCLUSION

For the reasons stated above, Defendant's motion to stay and enforce arbitration (dkt. #12) is GRANTED. Oral argument is unnecessary.

IT IS SO ORDERED.

Dated this ⎯2⎯ day of ⎯Aug⎯, 2013.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
MARCO A. HERNANDEZ
United States District Judge

---

[2] Notably, this case is factually similar to King, 2011 WL 1059108, Civ. No. 10-1237-AC, where the plaintiff there argued the arbitration agreement was invalid based on essentially the same reasons proffered by Plaintiff. The court in that case was not persuaded by plaintiff's arguments and granted defendant's motion to stay and enforce arbitration. For the same reasons as stated above and those stated in King, I conclude that the Arbitration Agreement is valid.

9 - OPINION & ORDER